69 F.3d 537
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles Wayne BUSSELL, Plaintiff-Appellant,
v.
Mary MARTINS; John Atkins; Terry Sanders, Defendants-Appellees.
 No. 95-5268.
 United States Court of Appeals, Sixth Circuit.
 Oct. 26, 1995.
 
 Before: KRUPANSKY, BATCHELDER and MOORE, Circuit Judges.
 
 ORDER
 
 1
 This pro se Kentucky state prisoner appeals a district court judgement dismissing his civil rights action filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary damages and criminal charges against the defendants, Charles Wayne Bussell sued two police officers of the Hopkinsville, Kentucky, Police Department (Mary Martins and Terry Sanders) and the prosecutor in the Christian Circuit Court (John Atkins) in their individual capacities. Bussell claimed that: 1) defendant Martins did not read his Miranda rights to him after his arrest; 2) the defendants illegally searched an automobile owned by his mother; 3) defendant Sanders "produced and manufactured" false evidence against him for presentation to the grand jury; 4) defendant Atkins conspired to put him in custody and presented false evidence against him to the grand jury; and 5) he was denied due process, equal protection, and was illegally confined.
 
 
 3
 The magistrate judge recommended that the defendants' motion for summary judgment be granted. The district court adopted the recommendation over Bussell's objections, granted defendants' motion for summary judgment, and dismissed the action. Bussell appeals that judgment.
 
 
 4
 Upon review, we affirm the district court's judgment for reasons other than those set forth by the district court. See City Mgmt. Corp. v. U.S. Chem. Co., 43 F.3d 244, 251 (6th Cir.1994). Summary judgment was properly entered for the defendants because Bussell has no cause of action under Sec. 1983. Bussell contends that the defendants did not give him his Miranda warnings, testified falsely against him, unlawfully searched an automobile, and generally denied him his constitutional rights under the Due Process and Equal Protection Clauses. In order to state a cognizable claim for an alleged unconstitutional conviction or imprisonment, a Sec. 1983 plaintiff must first show that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994); Schilling v. White, No. 94-3097, 1995 WL 394078, * 3-6 (6th Cir. July 6, 1995) (Heck applies to Fourth Amendment claims). The doctrine announced in Heck applies retroactively to cases pending when Heck was decided. See Harper v. Virginia Dep't of Taxation, 113 S.Ct. 2510, 2516-18 (1993); James B. Beam Distilling Co. v. Georgia, 501 U.S. 529, 539-40 (1991). Bussell's claims for damages involve contentions that would require a reversal of his state court conviction, and he has not shown that his conviction or sentence has been reversed on direct appeal. On the contrary, the record reflects that the Kentucky Supreme Court affirmed Bussell's conviction and sentence, Bussell v. Commonwealth, 882 S.W.2d 111 (Ky.1994), and the United States Supreme Court has denied certiorari. Bussell v. Kentucky, 115 S.Ct. 1154 (April 17, 1995).
 
 
 5
 Accordingly, we hereby affirm the district court's judgment, as herein modified to be without prejudice, for the foregoing reasons. Rule 9(b)(3), Rules of the Sixth Circuit.